By the Court,
Bronson, J.
Although the defendant was examined as a witness the day after the arrest was made, he had not been served with a subpoena, and was not attending the examiner as a witness. He is therefore not entitled to a discharge on that ground.(a)
If the defendant was privileged from arrest as a counsellor, I see no reason why the privilege could not be waived. In Scott v. Van Alstine, (9 John. R. 216,) it was said that an attorney could not waive his privilege ; but that was where the defendant had been sued by bill as an attorney, and he pleaded that he had left the profession and become a farmer, and thus attempted.to defeat the suit by renouncing his privilege. But *61 it was held that the plaintiff had a right to treat him as an attorney so long as his name remained on the roll. Here the defendant not only omitted to claim any exemption, but he rather invited the arrest; and after having thus waived his privilege, I think he ought not to be heard in making this complaint. Honesty and fair dealing forbid it.
But there was no privilege. The statute has expressly subjected all officers of courts to arrest in the same manner as other persons, except during the actual sitting of the court; and no attorney, counsellor or solicitor is exempt from arrest while the court is sitting, unless he is employed in some cause pending and then to be heard in such court. (2 R. S. 290, § 86.) Jt does not appear that the court of chancery, of which the defendant is an officer, was actually sitting at the time the arrest was made. And besides, the counsel must be employed in some cause to be heard in court. The exemption does not extend to an attendance before an examiner, master, or judge out of court.
Motion denied.

 At common law, it was not necessary for the protection of a witness that he should be in attendance under a subpoma or summons, if, upon application to him, he consented to attend without one; (Lord Kenyon, Ch. J., in Arding v. Flower, 8 T. R. 534, 536 ; 1 Phil. Fv. 4, 7th Lond. ed.; see also Meekins v. Smith, 1 H. Bl. 636, 7;) and hence, it has been held that a witness attending upon request from another state or country, though not summoned or subpoenaed, is privileged. (Norris v. Beach, 2 John. Rep. 294; Walpole v. Alexander, cited 1 Tidd’s Pr. 195, 6, 3d Am. from 9th Lond ed.) For the statute on this subject, see 2 R. S. 402, § 51 et seq. As to the general doctrine, see Cowen & Hill’s Notes to Phil. Ev. 15 to 17, -and the cases there cited. •